IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAYMOND MITCHELL KEETON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-82-RAH-SMD |
| | ) (WO) |
| LEE COUNTY DETENTION CENTER, | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 7, 2024, Plaintiff Raymond Mitchell Keeton, a *pro se* inmate, filed a 42 U.S.C. § 1983 action challenging conditions of confinement at the Lee County Detention Center in Opelika, Alabama. Doc. 2. Keeton did not remit the $350 filing fee and $55 administrative fee for plaintiffs not proceeding *in forma pauperis*, and he did he not apply for leave to proceed *in forma pauperis*—one of which is necessary to proceed in a civil action. On February 15, 2024, the Court entered an order directing Keeton to either pay the $405 filing and administrative fees by February 29, 2024, or, by that same date, file a properly completed application for leave to proceed *in forma pauperis* accompanied by a prison account statement from the account clerk at the facility where he is detained showing the average monthly balance in his prison account for the 6-month period immediately preceding filing his complaint and the average monthly deposits to his account during the past 6 months. Doc. 3. In that order, the Court specifically cautioned Keeton that his failure to comply with the order's directives would result in a recommendation that his case be dismissed. *Id*. at 2.

As of the date of this Recommendation, Keeton has not submitted the filing and administrative fees or an *in forma pauperis* application and financial information in compliance with the Court's order of February 15, 2024. Consequently, the undersigned concludes that Keeton's case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **April 23, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of April, 2024.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE